IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CATHERINE DREIER )<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, LLC., )<br>LECINDA SHIPMON-WALKER AND )<br>NATHAN L. HORTON, ESQUIRE, )<br>Defendants, )<br>) | No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

2. This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff, Catherine Dreier (hereinafter referred to as "Plaintiff") is a natural person who resides in Cheatham County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5. Defendant Portfolio Recovery Associates, LLC, (hereinafter "Defendant Portfolio") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and a for-profit Limited Liability Company organized in Virginia, and may be served through its agent for service of process at National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212, as its registered agent for service of process.

6. Defendant Lecinda Shipmon-Walker (hereinafter "Defendant Affiant Shipmon-Walker") is a natural person who was employed by Defendant Portfolio as a collection agent and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and may be served at her business address of 140 Corporate Blvd., Suite 100, Norfolk, VA 23502.

7. Defendant Nathan L. Horton, Esquire (hereinafter "Defendant Horton") is a law firm and "debt collector" as that term is defined by **15 U.S.C. § 1692a (6)**, and a for-profit Professional Services Corporation established in Kentucky, and can be served through its registered agent as follows: Nathan L. Horton, 140 Corporate Blvd., Norfolk, VA 23502- 4952.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a credit card debt originally owed to, or serviced by, General Electric Capital Corp. /Care Credit, (hereinafter "GE Money").

9. Sometime prior to October 12, 2012, Plaintiff Dreier's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff Dreier.

### *October 10, 2012 Collection Lawsuit*

10. Within one (1) year prior to the filing of this Complaint, on or about October 10, 2012, Defendants filed a Civil Warrant and Affidavit against Plaintiff Dreier in General Sessions Court of Cheatham County (collectively the "collection lawsuit"). ***See Exhibit 1***.

11. The Civil Warrant was filed and served on Plaintiff Dreier in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. 1692a(2)**.

12. The sworn Affidavit was filed and served in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. §1692a(2)**.

13. Specifically, at the time the Defendant Portfolio purchased Plaintiff Dreier's alleged Account, they did not receive any documents which (a) could be used as evidence to show, in a court of law, that Plaintiff Dreier had entered into a Contract with any entity creating the debt or opening an Account, (b) show how the amount claimed as due was calculated or what Plaintiff Dreier received in return for incurring the debt, (c) show how the pre-judgment interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by Plaintiff Dreier caused the alleged default, and they did not possess any such documents as of the date they filed the collection lawsuit.

14. Despite the fact that they had no evidence showing that Plaintiff Dreier owed the amount of debt they were alleging she owed, and prior to making a reasonable and adequate investigation as to whether Plaintiff Dreier owed the amount of debt they were alleging she owed, Defendant Portfolio and Defendant Horton filed suit against Plaintiff Dreier in General Sessions Court seeking to collect Nine Hundred Ninety Six Dollars and Ninety Eight Cents ($996.98), plus prejudgment interest from time of assignment, court cost and post judgment interest.

15. Defendant Portfolio and Defendant Horton alleged in their collection lawsuit that Defendant Portfolio is the assignee of GE Money, but have provided no evidence before or since the filing of the lawsuit that would support the truthfulness of this allegation.

16. Defendant Portfolio and Defendant Horton made an intentional business decision not to obtain knowledge as to whether a written Contract existed between GE Money and Plaintiff Dreier or if there was other documentation showing when or how the debt was incurred, (b) prior to making a reasonable and adequate investigation as to whether Plaintiff Dreier owed the amount of debt they were attempting to collect, and (c) by attaching Defendant Affiant Shipmon-Walker's Affidavit whose knowledge of the specifics of the original debt is limited or non-existent, intending to either obtain a default Judgment or coerce Plaintiff Dreier into a Settlement.

17. When Defendant Portfolio purchased Plaintiff Dreier's alleged debt, they did not receive any supporting documentation of the debt, including, but not limited to, (a) the alleged underlying Contract between GE Money and Plaintiff Dreier, (b) anything bearing Plaintiff Dreier's signature, (c) any documentation regarding what Plaintiff Dreier purchased or when she made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the alleged debt is principal and which portion is interest.

18. The filing of a collection lawsuit is a collection activity.

19. The filing of the collection lawsuit against Plaintiff Dreier by the Defendant Portfolio in the Tennessee State Courts is no less than "active" debt collection activity; than telephone calls, letters, or any other form of communication.

20. **Webster's** defines active as "characterized by action rather than by contemplation or speculation" and passive as "not acting but acted upon". See *Webster's Third New International Dictionary, Unabridged*. **Merriam-Webster, 2002**.

21. The comparison between active and passive is easily understood. If you do something you are being active. If you have something done to you, you are being passive.

22. The Defendant Portfolio was not contemplating or speculating or being passive about filing the collection lawsuit against Plaintiff Dreier, in their name, they are doing it.

23. The Defendant Portfolio and Defendant Horton failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff Dreier's alleged debt.

<u>*Use of False, Deceptive and Misleading Warrant to Collect Debt*</u>

24. The collection lawsuit against Plaintiff Dreier was based on a sworn Account.

25. Defendants' sworn Account claim was defective because this claim was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant that intended to deceive the State Court and Plaintiff Dreier.

26. Without a written Contract signed by Plaintiff Dreier, the Defendants may not recover attorney's fees or a Contract rate of interest on the underlying debt. *Holcomb v. Cagle*, **277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008)** (**perm. app. den. Sup. Ct., December 15, 2008**).

27. The amount of Nine Hundred Ninety Six Dollars and Ninety Eight Cents ($996.98), requested by the Defendant Portfolio and Defendant Horton as allegedly owed by Plaintiff Dreier plus prejudgment interest from time of assignment, court cost and post judgment interest.

28. Defendant Portfolio and Defendant Horton intentionally made a business decision to file the collection lawsuit without (a) obtaining knowledge as to whether a written Contract existed between GE Money and Plaintiff Dreier or if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Dreier owed the amount of debt they were attempting to collect, but to rely solely on other parties for this information.

29. Defendant Portfolio and Defendant Horton's business decision to rely entirely on GE Money or an assignee of GE Money as to the amount of debt allegedly owed by Plaintiff Dreier without (a) obtaining knowledge as to whether a written contract existed between GE Money and Plaintiff Dreier if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Dreier owed the amount of debt they were attempting to collect, was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt.

30. By making a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between GE Money and Plaintiff Dreier if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Dreier owed the amount of debt they were attempting to collect, prior to filing a collection lawsuit, Defendant Portfolio and Defendant

Horton intentionally used a deceptive and misleading representation in connection with collection of the debt as to the amount allegedly owed by Plaintiff Dreier.

31. By filing the Civil Warrant with the use of deceptive and misleading representations or means in connection with collection of the debt while unreasonably relying on GE Money or an assignee of GE Money as to the amount of debt allegedly owed by Plaintiff Dreier, without knowledge of whether a written Contract existed or what it provided, Defendant Portfolio and Defendant Horton communicated credit information to the State Court, the general public and Plaintiff Dreier, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(8)**.

32. The statement in the Civil Warrant that Plaintiff Dreier owed Nine Hundred Ninety Six Dollars and Ninety Eight Cents ($996.98), plus prejudgment interest from time of assignment, court cost and post judgment interest was an amount based on a business decision to intentionally not (a) obtain knowledge as to whether a written contract existed between GE Money and Plaintiff Dreier or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Dreier owed the amount of debt they were attempting to collect, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that the Defendant Portfolio and Defendant Horton had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when the Defendant Portfolio and Defendant Horton had intentionally made no effort to do so, and the amount of debt alleged as owed was not authorized by the Agreement creating the debt or permitted by law, in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

33. An Affidavit filed in support of a Civil Warrant on a sworn Account in Tennessee is filed to attest to the correctness of the amount owed on the account. **Tenn. Code Ann. § 24-5-107(a)**. *See Exhibit 2*.

34. Defendant "Affiant Shipmon-Walker", who authored the Affidavit, dated September 14, 2012, was attached to the Civil Warrant filed on October 10, 2012, certified under penalty of perjury that the following statements are true and correct:

(1.) "I am competent to testify to the matters contained herein."

(2.) "I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 140 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Account Assignee and those account records transferred to Account Assignee from GENERAL ELECTRIC CAPITAL CORP/ CARE CREDIT (Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business."

(3.) "According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on November 29, 2011. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever."

(4.) "According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from Catherine Dreier ("Debtor") to the Account Seller the sum of $996.98 with respect to account number (********7453), as of October 17, 2011 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale."

(5.) "According to the records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of $996.98 as due and owing as of the date of this affidavit."

35. Affiant Shipmon-Walker did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Dreier and, if so, whether the amount of the debt she alleged was owed by Plaintiff Dreier in the Affidavit was correct, prior to signing the Affidavit.

36. The reason Affiant Shipmon-Walker did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Dreier and, if so, whether the amount of the debt she alleged was owed by Plaintiff Dreier in the Affidavit was correct, prior to signing the Affidavit was because the Defendant Portfolio had made a business decision not to obtain any records of the originator of the debt that would have allowed her to make this determination.

37. The only records held by the Defendant Portfolio at the time Affiant Shipmon-Walker signed the Affidavit were computer records, which contained very limited information about Plaintiff Dreier and the alleged debt.

38. The only records that Affiant Shipmon-Walker was able to review prior to signing the Affidavit were the limited computer records obtained by the Defendant Portfolio from GE Money.

39. Without any records of the originator of the debt available for her review to determine if there was a Contract signed by Plaintiff Dreier, and if so, whether the amount of the debt she alleged was owed by Plaintiff Dreier in the Affidavit was correct as required by Tennessee State Law for an Affidavit, it was impossible for Affiant Shipmon-Walker to truthfully make an Affidavit as to the correctness of the amount owed, if any, by Plaintiff Dreier.

40. The intentional use by Defendants of the Affidavit when its use is clearly in violation of the State Law requirements for a sworn Account; is the use of a false, deceptive, and misleading

representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. § 1692e** and **1692e (10)**, and is an unfair means to collect or attempt to collect the alleged debt in violation of **15 U.S.C. § 1692f**.

41. Affiant Shipmon-Walker's sworn Affidavit states the following:

(1.) "I am competent to testify to the matters contained herein."

(2.) "I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 140 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Account Assignee and those account records transferred to Account Assignee from GENERAL ELECTRIC CAPITAL CORP/ CARE CREDIT ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business."

(3.) "According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on November 29, 2011. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever."

(4.) "According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from CATHERINE DREIER ("Debtor") to the Account Seller the sum of $996.98 with respect to account number (********7453), as of October 17, 2011 with

there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale."

(5.) "According to the records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of $996.98 as due and owing as of the date of this affidavit."

42. These statements are a failed attempt to regurgitate the language from the **Tennessee Rules of Evidence, Rules 803(6)** and **902(11)**, in an intentional attempt to mislead the State Court and Plaintiff Dreier into believing that Affiant Shipmon-Walker was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiff Dreier and that Plaintiff Dreier, in fact owed the debt, when it was not possible for her to have such personal knowledge, and that this evidence should be admitted under the "Business Records" exception to the introduction of hearsay evidence.

43. Defendants filed the collection lawsuit against Plaintiff Dreier in an attempt to collect the debt intentionally using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

44. The intentional use by the Defendants of the false, deceptive and misleading Affidavit in connection with collection of the debt was not a procedure reasonably adapted to avoid violating the FDCPA in their attempts to collect the alleged debt from Plaintiff Dreier.

45. The attestations made by Affiant Shipmon-Walker in the Affidavit regarding the debt, including, but not limited to, the amount of the debt owed by Plaintiff Dreier, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Dreier, as required by Tennessee State Law, in violation of **15 U.S.C. §1692e (2)(A)**, and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect

the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e (10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

46. By filing the collection lawsuit against Plaintiff Dreier in an attempt to collect the debt, after making business decisions not to obtain knowledge as to whether a written Contract existed between GE Money and Plaintiff Dreier or if there was other documentation showing when or how the debt was incurred, prior to reasonably and adequately investigating whether Plaintiff Dreier owed the amount of debt they were attempting to collect, while knowingly using false, deceptive, and misleading Affidavits signed by persons without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, as required under Tennessee State Law for sworn Accounts, and with the improper motive of obtaining default Judgments in order to increase their financial bottom line, the Defendant Portfolio and Defendant Horton violated **15 U.S.C. § 1692e (5)**, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of **15 U.S.C. § 1692e** and **1692e (10)**.

47. By filing the collection lawsuit against Plaintiff Dreier in an attempt to collect the debt with the use of an Affidavit that contains false, deceptive and misleading misrepresentations made by individuals who allege facts not in their possession and in violation of Tennessee State Law, Defendant Portfolio and Defendant Horton use false, deceptive, and misleading representation or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio and Defendant Horton had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of **15 U.S.C. § 1692e, 1692e (5)**, and **1692e (10)**.

48. Defendants did not have knowledge as to whether a written Contract existed between GE Money and Plaintiff Dreier or if there was other documentation showing when or how the debt was incurred, prior to filing the sworn Affidavit.

49. Defendants intentionally chose not to have Affiant Shipmon-Walker review a copy of the

written Contract signed by Plaintiff Dreier or other evidence as to the amount of debt allegedly owed by Plaintiff Dreier or the fact that Plaintiff Dreier owed the debt at all, prior to executing the sworn Affidavit.

50. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the false, deceptive, and misleading Affidavit which stated Plaintiff Dreier owed Nine Hundred Ninety Six Dollars and Ninety Eight Cents. ($996.98) as of the date of this assignment, plus prejudgment interest from time of assignment, court cost and post judgment interest the Defendant Portfolio and its agents communicated credit information to the State Court, the general public, credit reporting agencies, Equifax, Transunion, Experian and Plaintiff Dreier, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e (8)**.

51. The statement in the Affidavit that Plaintiff Dreier owed Nine Hundred Ninety Six Dollars and Ninety Eight Cents. ($996.98), plus prejudgment interest from time of assignment, court cost and post judgment interest, after the Defendant Portfolio and Defendant Horton intentionally chose not to obtain or to have Affiant Shipmon-Walker review a copy of the written Contract signed by Plaintiff Dreier or other evidence as to the amount of debt allegedly owed by Plaintiff Dreier or the fact that Plaintiff Dreier owed the debt at all, prior to executing the sworn Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had attempted to properly calculate the amount owed prior to filing the Affidavit, when Defendants had intentionally made no effort to do so, in violation of **15 U.S.C. § 1692e, 1692e (5)**, and **1692e (10)**.

*Illegal Debt Collection, and Collection Service Conduct by Defendants Caused*

*Plaintiff to Suffer Actual Damages*

52. That the above-detailed conduct by Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in illegally attempting to collect a debt from Plaintiff

Dreier in violation of numerous and multiple provisions of the **Tennessee Collection Service Act**, including, but not limited to, the above-cited provisions of the **Tennessee Collection Service Act**, and multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA and a revelation of private financial data to third parties.

53. That Plaintiff Dreier has suffered actual damages as a result of these illegal communications and collection attempts by Defendants in the form of attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

54. That Plaintiff Dreier is informed, believes, and therefore alleges that Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

*Summary*

55. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

56. In addition to their individual liability under the FDCPA, the acts and omissions of Affiant Shipmon-Walker and Defendant Horton as agents for the Defendant Portfolio and who communicated with Plaintiff Dreier as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendant Portfolio.

57. The acts and omissions by Affiant Shipmon-Walker and Defendant Horton were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by the Defendant Portfolio in collecting consumer debts.

58. By committing these acts and omissions against Plaintiff Dreier, Affiant Shipmon-Walker

and Defendant Horton were motivated to benefit their principals, Defendant Portfolio.

59. The Defendant Portfolio is therefore liable to Plaintiff Dreier through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of Federal Law by the debt collectors employed as agents by the Defendant Portfolio including, but not limited to, violations of the FDCPA, in their attempts to collect the debt from Plaintiff Dreier.

## TRIAL BY JURY

60. Plaintiff Dreier is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 .S.C. § 1692 *et seq*

61. Plaintiff Dreier incorporates by reference all of the above paragraphs as though fully stated herein.

62. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff Dreier.

63. As a result of Defendants' violations of the FDCPA, Plaintiff Dreier is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k (a)(3)** from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dreier prays that judgment be entered against each and every Defendant.

# COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against each and every Defendant in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k (a)(3)** against each and every Defendant; and

- for such other and further relief as may be just and proper.

Dated   June 8th, 2013            Respectfully submitted on behalf of,

**CATHERINE DREIER**

*/s/ William M. Kaludis*
William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com